IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LOUIS EUGENE CUNNINGHAM, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV04-376-S-EJL |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| RANDY BLADES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus matter are the following motions filed by Petitioner: Motion for Reconsideration (Docket No. 33), Motion to Compel (Docket No. 34), Motion for Admission (Docket No. 39), and Motion for Discovery (Docket No. 42). Also pending is Respondent's Motion to Strike Attachments to Petitioner's Motion for Admission (Docket No. 40). Having reviewed the Motions and Responses, as well as the record in this case, the Court enters the following Order.

I.

**MOTION FOR RECONSIDERATION**

**A.   Background**

In his original Habeas Corpus Petition, Petitioner asserted that he was coerced into a guilty plea because of his defense attorney's fraudulent misrepresentation as to what an *Alford* plea meant. *Petition*, at p. 1 (Docket No. 1). In his Amended Petitioner, Petitioner

**MEMORANDUM ORDER - 1**

presented the above claim as Claims Two and Three, and inserted an "actual innocence" claim as Claim One. *Amended Petition*, at pp. 1-3 (Docket No. 6).

Petitioner has never presented these claim to the Idaho Supreme Court. *See State's Exhibits B-2 through B-4*. However, the Court did not reach the procedural default issue because it determined that Petitioner's claims were time-barred, and that Petitioner did not show adequate factual grounds for application of equitable tolling or an actual innocence exception. Because Petitioner asserted that he had not heard the audiotapes of the conversations upon which his conviction for solicitation for murder is based, the Court allowed him to review the tapes and to file additional briefing on the equitable tolling issue.

### B.   Standard of Law

Petitioner has filed a Motion for Reconsideration of the Court's Order conditionally granting Respondent's Motion for Summary Dismissal (Docket No. 31). The Court has not yet issued a final order in this case. "As a long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Division v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal citation omitted).

The current Petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted in 1996. Under AEDPA, a one-year period of

**MEMORANDUM ORDER - 2**

limitation applies to an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The most common triggering event occurs on the date upon which the conviction became final, either after direct appeal or after the time for seeking an appeal expired.

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This is called "statutory tolling."

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied to toll any remaining time period. In *Pace v. DiGuglielmo*, 125 S.Ct. 1807 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 1814. In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. *See Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir. 2001) (per curiam) (requiring petitioner to show that "extraordinary circumstances" were the "but-for and proximate cause of his untimeliness").

**MEMORANDUM ORDER - 3**

The Ninth Circuit has suggested that there may be an actual innocence exception to the one-year statute of limitations. *See Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002) (remanding to the district court to determine whether the petitioner had established a claim of actual innocence, and if so, to next decide "what consequence such a finding has with respect to AEDPA's one-year statute of limitations"). *Majoy* indicates that district courts should first consider whether a petitioner is actually innocent before deciding if an actual innocence exception to the statute of limitation exists. *Id*. at 777-78.

**C.    Discussion**

Petitioner's Motion for Reconsideration discusses the merits of his claims and various new claims. Petitioner's discussion of these claims is not relevant to the threshold issue in this case, timeliness. The Court cannot hear the merits of Petitioner's claims unless he timely filed his Petition. The Court has already concluded that Petitioner's Petition was untimely and is barred by the statute of limitations,[1] and that there was insufficient basis to support application of equitable tolling or an actual innocence exception. Nothing in Petitioner's recent filings convinces the Court otherwise.

Petitioner wishes to fully develop his "actual innocence" claim. Even if the Court could hear the merits of Petitioner's claims, it could not grant relief on an "actual innocence"

---

[1] In reviewing its decision on the statute of limitations issue, the Court notes and now corrects a typographical error. On page 4, the decision states, "Allowing 42 additional days moves the finality date forward to April 22, 2002. Therefore, Petitioner had until April 22, 2002, in which to file his federal action, not including any tolling periods." The second April 22nd date should be April 22, *2003*, not 2002. This typographical error did not, and does not, change the Court's analysis or decision.

**MEMORANDUM ORDER - 4**

claim. The United States Supreme Court has determined that a claim of actual innocence is not cognizable on collateral review in a federal habeas corpus action. *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993) ("[O]ur habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."). (The Court discusses Petitioner's claim of actual innocence in the context of excusing untimeliness separately below.)

Petitioner also challenges the Court's decision not to join Petitioner's other cases with this case. Again, this issue is not relevant to the timeliness of his Petition, as the Court would look upon each claim individually to determine whether a statute of limitations is met. *See Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004) (deciding that the statute of limitations applies on a "claim-by-claim basis"). In other words, adding other claims will not prevent the current claims from being barred by the statute of limitations. It is also unknown whether the claims are properly exhausted. Petitioner presents nothing which would cause the Court to change its prior decision on Petitioner's joinder request.

Petitioner also challenges the portion of the change of plea hearing quoted by the Court as it relates to this Court's conclusion that Petitioner did not bring forward reliable facts supporting actual innocence. The quoted portion of the transcript shows that Petitioner did not understand why the state court wanted him to admit on the record that he committed solicitation for murder, given that he was entering an *Alford* plea, and his attorneys then

**MEMORANDUM ORDER - 5**

clarified for the court that there was a sufficient factual basis for the charge. *See Memorandum Order*, at p. 8 (Docket No. 31). Petitioner argues that his attorney should not have "admitted Petitioner's guilt."

Petitioner misconstrues the transcript and the effect of his attorney's statements. It is clear that the state court and Petitioner's attorney were attempting to satisfy the constitutional requirement that there must be a factual basis for the charge in order for the judge to accept a guilty plea; the attorney was not stating that Petitioner was, in fact, guilty. *See id.*, at pp. 15-16; *see North Carolina v. Alford*, 400 U.S. 25, 38-39 & n.10 (1970). However, because there was a factual basis for the charge this Court did not err in considering such evidence in assessing Petitioner's actual innocence claim.

Petitioner also asserts that "[e]ven if the sentencing judge did inform the defendant he had 42 days to appeal, the record is insufficient to determine if the defendant understood." *Motion for Reconsideration*, at p. 13 (Docket No. 33). It is unclear how this assertion relates to the federal statute of limitations issue. In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. *See Allen v. Lewis,* 255 F.3d at 800 (requiring petitioner to show that "extraordinary circumstances" were the "but-for and proximate cause of his untimeliness"). Similarly, Petitioner argues that his counsel "abandoned" him in not pursuing any avenues of redress; however, Petitioner fails to show which claims were available given his waiver of his right

**MEMORANDUM ORDER - 6**

to appeal conviction and sentencing issues[2] and given the facts of his case. Neither has he shown that his counsel's inaction in state court *caused* him to miss the *federal* statute of limitations.

Petitioner also argues that he did not have "notice" of his statute of limitations period. However, courts have uniformly held that ignorance of the law is not an appropriate ground for equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *Meiggs v. Pinkens*, 2000 WL 101245 (D.Cal. 2000).

In *Pearson v. North Carolina*, 130 F.Supp.2d 742, (D.N.C. 2001), the petitioner missed his federal habeas corpus statute of limitations because he thought that the one-year period started over again after his last state post-conviction action ended. *Id*. at 744. In rejecting the petitioner's request for equitable tolling on the basis of his plea of ignorance as to how statutory tolling was calculated, the North Carolina district court noted that petitioner's argument "conflicts with the plain language of the statute, which provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is *pending*.'" *Id*. (quoting 28 U.S.C. § 2244(d)(2) (emphasis in *Pearson*). As a result, the Court concluded that the petitioner's "ignorance of the proper calculation of the period of limitation does not warrant equitable tolling." *Id*. at 744; *accord,*

---

[2] *See State's Exhibit A-1*, at pp. 74-80.

**MEMORANDUM ORDER - 7**

*Godek v. Grayson*, 2001 WL 739507, at *3 (D. Mich. 2001) (rejecting petitioner's argument that the limitations period should not bar his habeas corpus petition because he was unaware of the applicability and operation of the limitations period).

Petitioner also asserts lack of legal assistance and lack of a law library as grounds for equitable tolling.  Again, he has failed to specifically show any instances of being denied access to the prison's legal resource center during the federal statute of limitations period or any causal link between an allegedly inadequate legal resource center and missing the statute of limitations.  *See Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000).  The Supreme Court has held that states are not required to provide legal assistants or law clerks to prisoners to ensure meaningful access to courts.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (concluding that there is no "freestanding right to a law library or legal assistance").  This argument does not provide a basis for equitable tolling, especially absent any showing of causation.

## II.

## OTHER MOTIONS

**A.     Motion to Compel**

Petitioner requests that the State provide him with four pages of the state court record, State's Exhibit A-1, 15-18.  The State does not have a duty to provide Petitioner with copies of the state court record.  The Court assumes that a habeas petitioner has obtained the record from his former counsel unless the petitioner states otherwise.  The Court will provide

**MEMORANDUM ORDER - 8**

Petitioner with copies of that portion of the state court record. The Court has reviewed the record, and finds nothing in those pages supporting application of equitable tolling or an actual innocence exception in this case.

Petitioner also requests a copy of the transcript of the withdrawal of counsel hearing. He asserts that his counsel argued that Petitioner was actually innocent because the state committed criminal acts to bring the charges against Petitioner. The transcript of the withdrawal of counsel hearing is not a part of the state court record lodged with the Court. The Court declines Petitioner's request for a copy of the transcript because it has already considered and rejected Petitioner's actual innocence claim based on the same grounds – illegal taping of conversations, illegal extradition, and collusion and corruption of government officials. *See Memorandum Order*, at p. 10 (Docket No. 31).

**B.     Petitioner's Motion for Admission and Motion for Discovery**

Petitioner's Motions request that he be able to conduct discovery in this case, apparently to show that state investigators acted illegally in taping his conversations and extraditing him. The Court has not authorized discovery to proceed, and it will not at this late date. Petitioner already had the opportunity to show actual innocence, and the Court has already determined that Petitioner has not brought forward reliable evidence to support a showing of *factual* innocence[3]; rather, he continues to focus on *legal* insufficiency. Given

---

[3] Petitioner's only evidence of "factual" innocence consists of two affidavits of witnesses impeaching other witnesses' testimony. Petitioner has provided nothing from the original witnesses themselves showing that they have recanted their original statements implicating Petitioner in the crime.

**MEMORANDUM ORDER - 9**

the lack of evidence presented and the erroneous theory (legal insufficiency) under which Petitioner is proceeding, no evidentiary hearing is required. *See Griffin v. Johnson*, 350 F.3d 956, 966 (9th Cir. 2003). Petitioner's evidence and argument do not rise to the standard of showing that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). As a result, there is no basis for the Court to allow discovery on "actual innocence" at this late date. Petitioner's Motion shall be denied.

**C.** **Respondent's Motion to Strike Attachments to Motion for Admission**

The Court need not strike Petitioner's Attachments to his Motion for Admission because it has denied the Motion for Admission. In addition, a petitioner may bring forward items not in the state court record to support a showing of actual innocence as an exception to the statute of limitations. However, here, Petitioner's attachments are irrelevant to the issue of factual innocence in this case, but rather go to his arguments of legal insufficiency. Respondent's motion is moot.

### III.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

A. Petitioner's Motion for Reconsideration (Docket No. 33) is DENIED.

B. Petitioner's Motion to Compel (Docket No. 34) is DENIED.

C. Petitioner's Motion for Admission (Docket No. 39) is DENIED.

**MEMORANDUM ORDER - 10**

D.   Respondent's Motion to Strike Petitioner's Motion for Admission (Docket No. 40) is MOOT.

E.   Petitioner's Motion for Discovery (Docket No. 42) is DENIED.

F.   Petitioner's Petition is DISMISSED WITH PREJUDICE.

DATED: **March 13, 2006**

~~Honor~~able Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 11**